## RICARD v. UNITED STATES.

### No. 11272.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1945.

P. Guy Crews, of Jacksonville, Fla., and Charles O. Andrews, Jr., of Orlando, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant Ricard was convicted of extortion and sentenced to one year's imprisonment. He waived the assistance of

counsel for his trial and again when he came to be sentenced. No request was made for a stenographic report of the trial and none was had. The bill of exceptions, made as such bills have traditionally been made, from memory, is certified by the judge after some corrections to be true and to contain all the material evidence in narrative form. Ricard entered his own appeal, stating his grounds of appeal, which did not refer to the lack of a stenographer. He now appears by counsel, who specifies as the only errors to be urged, 1. That the court erred in failing to provide a court reporter as required by the Act of Jan. 20, 1944, 28 U.S.C.A. § 9a; and 2. That the court erred in settling a bill of exceptions based on the memory of the parties instead of upon a transcript of the proceedings by the official court reporter.

The cited Act in paragraph (a) enacts that each district court "shall appoint one or more court reporters." Paragraph (b) requires that one of such reporters "shall attend at each session of the court * * * and shall record verbatim by shorthand or by mechanical means (1) all proceedings in criminal cases had in open court * * *." Paragraph (c) says he shall receive an annual salary. We judicially know that at the time of this trial the qualifications and the salary scale for the reporters had been fixed by the Judicial Conference as required by the Act, but Congress had not made any appropriation for their payment; and that few if any appointees had accepted and entered upon their office. No official reporter existed in the Southern District of Florida, though stenographers had been appointed for civil cases under Federal Rules of Civil Procedure, rule 80, 28 U.S.C.A. following section 723c.

Notwithstanding the mandatory language of the Act above quoted, it is plain that no one will accept appointment and do the work of court reporter if there is no provision to pay him, and that the court cannot require the verbatim record of proceedings in criminal cases if there is no reporter whose duty it is to make it. It was not the intention or the effect of the Act to suspend the power of the district courts to try criminal cases till reporters could be secured. If there had been an official reporter in office, and his presence was insisted on, it may be that the court would have been bound to secure his presence. That question can wait till it arises.

Here there was no official reporter. No request was made for a substitute, or any other action by the court. It was not error to proceed with the trial.

Equally it was not error to settle the bill of exceptions on memory, as has heretofore been practiced. There was no other way to settle it. The trial was in fact short and simple, and there does not appear to have been any unusual difficulty in making up the bill. It is not argued that it is actually deficient or untrue. The evidence authorized the verdict.

Judgment affirmed.