## VICKERS v. UNITED STATES.

### No. 13122.

Circuit Court of Appeals, Eighth Circuit.

Sept. 30, 1946.

Paul E. Gutensohn, of Fort Smith, Ark. (appointed by the Court), for appellant.

Thomas C. Pitts, Asst. U. S. Atty., of Fort Smith, Ark. (Clinton R. Barry, U. S. Atty., and Charles A. Beasley, Jr., Asst. U. S. Atty., both of Fort Smith, Ark., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

By an indictment in four counts, Jack D. Vickers, Dorthy Lee Chandler, and Philip Brockwell were charged with four offenses. The first count was based upon 18 U.S.C.A. § 88, which makes it a crime to conspire to commit an offense against the United States if any act is done to effect the object of the conspiracy. This count, in effect, charged the defendants with having conspired to devise a scheme to defraud and to use the mails in the execution of the scheme, and with having mailed three letters to effect the object of the conspiracy. In the second count the defendants were charged, under the Mail Fraud Statute, 18 U.S.C.A. § 338, with having devised the scheme to defraud described in the first count and with having mailed a letter in execution of it. The remaining counts of the indictment were similar to the second count, but each charged the mailing of a different letter. The three letters referred to in counts two, three, and four were the same letters described in the first count of the indictment.

Vickers entered a plea of not guilty. At his request, the court appointed counsel to defend him. His trial took place on February 12, 1945. The proceedings at the trial were not reported. The jury found Vickers guilty on all counts. The court sentenced him to "imprisonment for the period of two years from this date, on the first count of the indictment, and for the period of four years on the fourth count of the indictment, to begin at the expiration of the imprisonment herein adjudged on the first count, and for the period of two years on each of counts 2 and 3, the imprisonment on the second and third counts to run concurrently with the imprisonment herein adjudged on the fourth count; making a total of six years imprisonment."

Vickers has appealed. At his request, this court appointed counsel to represent him here, and permitted him to prosecute his appeal without payment of costs, upon typewritten record and briefs. Since the evidence was not stenographically reported, it could only be reproduced from memory.

The appellant objected to the record settled by the trial judge at the direction of this court, and challenges its accuracy and completeness; but, if the appellant's case is to be reviewed at all, it will have to be upon this record.

Counsel for the appellant has ably and fully presented the appellant's contentions in a carefully prepared brief.

The appellant challenges the judgment upon two grounds: (1) That the District Court erred in not having a verbatim record of the proceedings in the case made by shorthand or mechanical means, and (2) that the verdict of the jury and the judgment based upon it are not supported by the evidence.

■ Congress in 1944 had authorized the appointment of reporters for the District Courts, 58 Stat. 5, 28 U.S.C.A. § 9a, and in defining their duties had provided that "One of the reporters so appointed for each district court shall attend at each session of the court and at every other proceeding that may be designated by rule of procedure or order of court or by one of the judges of the court, and shall record verbatim by shorthand or by mechanical means (1) all proceedings in criminal cases had in open court, whether in connection with plea, trial, or sentence; * * *." 28 U.S.C.A. § 9a(b). At the time that this case was tried no reporter had been appointed by the District Court because Congress had neglected to provide the means for paying the salaries of court reporters. Hence there was no reporter "so appointed" and the court was unable to furnish one. The same contention which the appellant makes here was considered by the Circuit Court of Appeals for the Fifth Circuit in Ricard v. United States, 148 F.2d 895, 896, and overruled. As that court said: "It was not the intention or the effect of the Act [58 Stat. 5, 28 U.S.C.A. § 9a] to suspend the power of the district courts to try criminal cases till reporters could be secured." Obviously the Act had nothing to do with the jurisdiction of the district courts or the requirements of due process.

■ The evidence unquestionably tended to sustain the charges made in the indictment. The indictment letters were proved to have been mailed and to have been received by J. E. Horton or his wife, the victims of the scheme to defraud. J. E. Horton was a farmer living in Logan County, Arkansas, and the father of Dorthy Lee Chandler, a young married woman with a 2½-year-old child. Her husband was in the Army and had gone overseas about August of 1944. He had been stationed at Trenton, New Jersey, and she had lived there until he left. She returned to her father's home for about three weeks and then went back to Trenton to work while her husband was away. There she met the appellant at the restaurant where she was employed. He was a married man, apparently old enough to be her father. She left Trenton and lived and traveled with him. Shortly after leaving Trenton she commenced wiring her father for money.

The parents of Dorthy Lee Chandler were advised by telegrams and by letters that she was involved in some government case, but that when it was over the money advanced by them would be refunded. That Vickers assisted her in the execution of the scheme is disclosed by his own testimony, although he denied any intent to defraud. It is fairly apparent from the facts and circumstances disclosed by the evidence that the money thus obtained from J. E. Horton financed his daughter's affair and travels with Vickers. Under an assumed name and title Vickers wrote the letter upon which count four of the indictment is based. This letter, which characterizes the scheme and Vickers' participation in it, is set out in full in the margin.[1]

---

[1] Birmingham, Ala.,
Nov. 19, 1944

Mr. J. E. Horton,
 Route 1,
 Paris, Arkansas.
Dear Sir:
 It appears from what your daughter, Mrs. Dorothy Chandler, has told me you are not in possession of the facts concerning the case in which she has become involved, and I have been requested by her to advise you as fully as is possible at this time. Of course, there is much which I am not at liberty to reveal.
 Mrs. Chandler became involved in a manner in which anyone might have been

Phillip Brockwell, an ex-justice of the peace, of Raleigh, North Carolina (who entered a plea of guilty in this case), was used by Vickers and Dorthy Lee Chandler to assist them in procuring $200 from J. E. Horton upon the representation that she was required to give an appearance bond in that amount before she could come home. Vickers also impersonated a lawyer by the name of Frank in connection with the scheme. Finally, after Horton had about exhausted his resources in supposedly helping his daughter, he consulted the local sheriff and the case was referred to Post Office Inspectors. The arrest of Vickers and Dorthy Lee Chandler followed.

■ The appellant asserts that the government failed to prove that the representations made to Dorthy Lee Chandler's parents were false. It may be conceded that the case for the government would have been stronger had there been proof that Dorthy Lee Chandler was not involved in any controversy with the government while she was living with Vickers. It is our opinion, however, that the jury reasonably could infer from the evidence that the representations made were purely fictitious. It is common knowledge that the government does not refund the expenses of defendants whom it sues, nor does it exact bonds for appearances before ex-justices of the peace. We think the scheme resorted to by Vickers and Dorthy Lee Chandler to obtain money from her father was fraudulent upon its face.

■ The appellant contends that the offense charged in the first count of the indictment includes, and is identical with, the substantive offenses charged in the remaining counts and that if any part of the sentence is valid it is only the sentence upon the first count. The first count is not well drawn and is perhaps susceptible of being construed as covering both a conspiracy and the substantive offense of using the mails to defraud. However, it was intended to be and was treated as a conspiracy charge. The defendant was not misled with respect to any of the charges which he was required to meet. Compare, Hewitt v. United States, 8 Cir., 110 F.2d 1, 5, 6. No question of double jeopardy was raised during the trial. We think the District Court properly treated each count as stating a separate and distinct offense. See and compare: Pinkerton v. United States, 66 S.Ct. 1180, 1181, 1182; Levin v. United States, 9 Cir., 5 F.2d 598, 600; Brady v. United States, 8 Cir., 24 F.2d 399, 404, 405;

---

and thru no real fault of her own except that she did not fully inquire into the nature or business of those who are involved. This case is a far reaching one concerning many people and covering several states. Mrs. Chandler has been of great help and by doing so has been forced to defend herself against countercharges flung by those involved, with the hope that they might pull her down with them, but the state feels that Mrs. Chandler has had no real connection with them insofar as their misconduct is concerned, yet the only way in which she can fully clear herself is by doing what she has done for the past month.

Mrs. Chandler also wishes me to advise you regarding the money which she has received from you in the past month. I can only explain to you the agreement made between Mrs. Chandler and those in authority, and that is she is to be paid at the rate of $10.00 per day while acting in the case. This amount of course will be paid at the completion of the case; in other words, all moneys spent by Mrs. Chandler in connection with this case will have been refunded in this manner.

Neither I nor anyone else has the power to do anything regarding this until the completion of the case.

I feel that you have the same faith in your splendid girl who has been proving herself to a high degree, and I suggest that you be patient with her—in fact, all of us until we are at liberty to explain more fully, and we are able to return her to your family circle. I am sure that you will be very proud of her and the things she has been able to do toward clearing up this case. I would be very foolish to underestimate the danger in which she has been placed while cooperating as she has.

I hope I have been able to make clear to you the nature of this case with the limited factors which I can at this time reveal, and sincerely hope that you will continue to stand fully behind her to its completion.

Very truly yours,

/s/ James J. Morgan

James J. Morgan
Agent in charge of
Transportation

McGinley v. Hudspeth, 10 Cir., 120 F.2d 523, 525. Moreover, the conviction of the appellant of the offenses covered by counts two, three, and four, each of which sufficiently charged a distinct substantive offense, supports the sentence imposed. See Bowen v. United States, 8 Cir., 153 F.2d 747, 748, 749, and cases cited.

The judgment appealed from is affirmed.