## BROWN v. UNITED STATES.

### No. 13624.

Circuit Court of Appeals, Eighth Circuit.

May 18, 1948.

See also 165 F.2d 409.

Appellant pro se.

R. S. Wilson, U. S. Atty. and David R. Boatright and Charles A. Beasley, Jr., Asst. U. S. Attys., all of Fort Smith, Ark., for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is from an order denying a motion to vacate a sentence.

Appellant pleaded guilty in 1945 to two counts in an indictment and was given a separate sentence on each count. In 1947, he filed the present motion to have the sentence on the first count vacated.

The first count charged appellant and two others, named Rutledge and Woolsey, with having entered into a conspiracy, in violation of 18 U.S.C.A. § 88, to effect appellant's and Rutledge's escape from the county jail of Union County, Arkansas, where they were in custody as federal prisoners.[1] The three defendants were alleged to have agreed among themselves that, to enable appellant and Rutledge to make an escape, Woolsey, who was about to be released from custody, should obtain some hack saw blades and deliver them to appellant and Rutledge in the jail, so they could saw the bars of their cell. The overt acts set out were that Woolsey, after his release, obtained the hack saw blades and delivered them to appellant and Rutledge, and that appellant and Rutledge used the blades to saw the bars of their cell.

The second count charged appellant (and also Rutledge) with the substantive offense of having attempted, in violation of 18 U.S.C.A. § 753h, to escape from the county jail of Union County, Arkansas, by sawing the bars of the cell, while he was in custody as a federal prisoner on a felony charge.

Appellant was given a sentence of one year's imprisonment on the second count and a sentence of two years' imprisonment on the first count to commence at the expiration of the sentence on the second count. As previously indicated, it is the sentence on the first count which appellant now seeks to have vacated.

His motion and brief contend that the two counts involve the same offense and that it therefore was double jeopardy to give him a second sentence to commence on the expiration of the first sentence which the court imposed. Especially is this true, he says, because the second count contains a specific recitation that "all of said count one being fully and completely adopted as part of this count of this indictment the same as if all of the allegations of said count were fully copied and set forth herein." But this recitation was simply made in connection with the allegation that appellant and Rutledge were in custody as federal prisoners in the county jail of Union County, Arkansas, "as more fully described and set forth in count one of this indictment." Following the allegation and recitation referred to, the count specifically charged that, while appellant and Rutledge were thus confined they "did unlawfully and feloniously attempt to escape from such custody and confinement by sawing with hack saw blades and attempting to sever the bars of said jail, with the intent and purpose on the part of said defendants to effect an opening in said bars through which the said defendants might pass and escape from said jail, contrary to the form of the statute in such case made and provided," etc.

We do not believe that the recitative adoption of count one in count two of the indictment as described above can rea-

---

[1] Appellant had been committed to the jail under an order of a United States Commissioner, to await action by a federal grand jury on a felony charge against him.

sonably be argued in the situation to be intended to charge appellant again with the offense of conspiracy as a basis for a conviction on count two. Thus, among other factors, it will be noted that Woolsey, who was one of the persons charged with conspiracy in count one, was not indicted under count two but only appellant and Rutledge were named by the grand jury as defendants. While the draftsmanship is not without looseness, it seems sufficiently clear that the purpose of the incorporation was merely to adopt by reference the facts set out relative to the custody of appellant and Rutledge in the county jail of Union County, Arkansas, as federal prisoners. In any event, there can be no possible question that the count is sufficient to charge an unlawful attempt to escape, no matter what else may be contended to have also been its purpose or legal significance. And if it can be argued that the count is duplicitous, as embracing both a charge of conspiracy to effect an escape and a charge of attempting to escape, that does not help appellant's position, for the record conclusively demonstrates that he did not twice plead guilty to the charge of conspiracy and was not twice sentenced for that offense, so that there is no foundation whatever for the claim that his commitment involves a double jeopardy.

The court, before accepting appellant's pleas of guilty, stated from the bench for appellant's benefit that the charge involved in the first count was conspiracy to effect an escape from custody and that the charge involved in the second count was attempting to make an escape. The court also explained the punishment which it was possible to mete out separately for each of the two offenses, if appellant undertook to plead guilty to them. On the basis of the court's statement, explanation and treatment of the indictment, appellant thus pleaded guilty on the second count to the charge only of having attempted to escape and, as we have indicated, the count is clearly sufficient to support his conviction and sentence for that offense. That is as far as our consideration need go to affirm the trial court's order in the present proceeding. Cf. Vickers v. United States, 8 Cir., 157 F.2d 285, 288, 289.

While it is not necessary to do so, reminder may be made of two well-settled principles in concluding. Except in some very limited types of situations (none of which is here involved), the commission of a substantive offense and a conspiracy to commit it are distinct crimes and may be separately charged and punished. Pinkerton v. United States, 328 U.S. 640, 643, 644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489; American Tobacco Co. v. United States, 328 U.S. 781, 787–789, 66 S.Ct. 1125, 1128, 1129, 90 L.Ed. 1575. And the substantive offense may be charged and punished as a distinct crime, even though the conspiracy charge also sets out the facts involved in the substantive offense as an overt act of the conspiracy. United States v. Bayer, 331 U.S. 532, 542, 543, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654.

Affirmed.