UNITED STATES of America

v.

Nicholas A. STIRONE.

Crim. A. No. 14871.

United States District Court
W. D. Pennsylvania.

Oct. 7, 1963.

————◆————

Allan Krouse, Dept. of Justice, Washington, D. C., and Samuel Reich, Pittsburgh, Pa., for the United States.

Vincent M. Casey, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

The petitioner, Nicholas A. Stirone, by his attorney Vincent M. Casey, Esq., has filed herein a petition to vacate sentence under the provisions of Section 2255, Title 28 United States Code, wherein he alleges a denial of due process under the 5th Amendment of the Constitution and accordingly that he is illegally confined, because: (1) the trial judge was not present at any time during the empanelling and selection of the jury in the trial of said plaintiff before this Court in the case entitled United States of America v. Nicholas A. Stirone, Criminal Action No. 14871; (2) the said jury was interrogated on its voir dire by G. M. Barr,

Deputy Clerk of the Court; (3) the trial judge did not interrogate the prospective jurors on their voir dire pursuant to Rule 24 of the Federal Rules of Criminal Procedure, Title 18 United States Code, or permit counsel to do so; (4) although the selection of said jury and its voir dire examination occurred in open court, the proceedings relating thereto were not reported by an official court reporter as required by Section 753(b.), Title 28 United States Code, nor was any court reporter present in the court during the selection and voir dire examination of the jury.

The allegation made by petitioner's counsel that the trial judge was not present at any time during the selection of the jury is not accurate. That allegation is refuted by the trial record. The reporter's transcript shows that I opened court and each counsel, on inquiry, replied "ready". Messrs. Allan Krouse and Samuel Reich were then admitted specially for the trial of the case. The reporter then shows on the transcript the following: (Transcript, p. 6)

"THE COURT: All right. All right, gentlemen, proceed with the selection of the jury. As is customary and routine here, Miss Barr will handle the proceedings. There are some 40 jurors back there, I take it, and you all know your challenges. You will proceed. If any questions come up, why, I am right here available."

"(Whereupon a jury was duly empanelled.)"

It is conceded and the record bears out the fact that the voir dire proceedings were not reported by an official court reporter as is required by the Act of Congress, 28 U.S.C. § 753(b). However, the petitioner says that no court reporter was present in the room during the selection and interrogation of the prospective jurors. That statement also is not accurate. It is noticed that it does say in the transcript, p. 6, "Whereupon a jury was duly empanelled." The Court then directed the swearing of the jury. From the statements of counsel in this case at the argument on the instant motion, it is apparent that they are not in agreement as to when, if at any time, I, as trial judge, left the bench. As trial judge I will categorically state that in the instant case I was present during all of the voir dire which was conducted by Deputy Clerk Barr. However, when the voir dire was completed and counsel commenced making their challenges I left the bench and went to my adjoining chambers some twelve steps away. During the period that counsel were making their challenges, I was not on the bench. This Court may, of course, take judicial notice of its processes and records. The trial record shows that the jury was sworn at 11:20 A.M. The transcript shows that Court convened at 10:00 A.M. Thus the selection of the jury took an hour and twenty minutes. As any lawyer or judge knows, a court reporter at no time makes a record of the peremptory challenges made by counsel. That procedure is conducted quietly by counsel and no audible words are spoken for the record. In the instant case Mr. Casey concedes that no objection was made and it does not seem to this Court that defendant was in any way prejudiced because the judge left the bench during the period of time it took counsel to make their challenges.

██ With respect to the allegation that the court reporter failed to stenographically report the voir dire, that point is conceded. However, as trial judge, when the matter came to my attention I was much surprised that no record had been made. I concede that one should have been made as is required by the Statute. However, in Pittsburgh, Court Room No. 6, the court reporter sits at a point not generally visible to the trial judge unless he leans forward and checks to see whether the reporter is actually taking shorthand notes or operating the stenotype machine. The reporter, Riffle, was in Court certainly. I think he remained at his place during the whole selection of the jury, but apparently due to the practice of oft'times selecting juries in the jury room, he did

not take the voir dire. If this be error requiring a new trial, then so be it, but I do not regard the admission as fundamental error. The reasons for this conclusion have several aspects. First and foremost is the conceded fact by Mr. Casey that he, as an experienced trial lawyer at the criminal Bar, was aware of the practice in the selection and empanelling of juries and made no objection whatsoever in the instant case. He also concedes that he well knew how to make a record of an objection. He concedes also in this case that he made no objection or called the Court's attention to any irregularity whatsoever. Until 1944 there was no requirement that a reporter stenographically transcribe testimony. A constitutional trial does not require that the testimony be stenographically transcribed. See Baltimore and Potomac Railroad Company v. Trustees of Sixth Presbyterian Church, 91 U.S. 127, 130, 1875, 23 L.Ed. 260; Vickers v. United States, 157 F.2d 285 (8 Cir. 1946). It is not today a part of the record on appeal unless made so by counsel or the Court. See Civil Rule 75 and Criminal Rule 39. In Blease v. Garlington, 92 U.S. 1, 7, 23 L.Ed. 521, 1875, the Supreme Court held that oral evidence must be taken down or its substance stated in writing, and made part of the record. See also the discussion of the method of incorporating testimony as a part of the record in Middleton v. Hartford Acc. & Indemnity Co., 119 F.2d 721 (5 Cir. 1941). Any lawyer is, of course, familiar with the fact that in criminal trials in Federal Courts and elsewhere it has been only in recent times that trial testimony has been taken by a court reporter. A constitutional trial in a criminal case must be according to the common law. In the courts of common law there is no requirement whatsoever for reporting testimony. It is obvious also that even prior to 1944, and since, counsel are required to take some action to preserve an objection for appellate review.

It seems to the Court that counsel is relying on two recent decisions of the Court of Appeals. The more recent case is that of Parrott v. United States, 314 F.2d 46, (10 Cir. 1963), decided in February of 1963. In that case the voir dire examination was not recorded, but in that case counsel had made an objection. The government did not deny that during and in the voir dire the trial judge mentioned "other bank robbery cases pending in the same court against the defendant." This was the point that defendant claimed was error. The Court of Appeals held that the unavailability of a full transcript made it impossible for the Court to determine whether or not the error was harmless. The Court sent the case back for a new trial. The other case is one decided in the 5th Circuit in 1961, Stephens v. United States, 289 F.2d 308, (5 Cir. 1961). In that case the attorney for the defendant, on appeal, claimed error in that he could not properly present certain specified errors to the Appellate Court because of the failure of the court reporter to record certain proceedings had in open court. The Court of Appeals agreed with him and also sent the case back. However, in another case decided in 1963 by the 5th Circuit, Strauss v. United States, 311 F.2d 926, (5 Cir. 1963), where no record of side bar conferences was available and the court reporter did not record the examination of the veniremen, the Court held there was no prejudice to defendant when no specific error was alleged. The Court stated that a failure to comply with the Act of Congress, 28 United States Code § 753(b), is not error per se. Judge Dumbauld has recently written an opinion on the subject which I think has applicability in some respects to this case. See his opinion, United States of America v. William Sams, 219 F.Supp. 164, (W.D.Pa., 1963).

When the petition came on for hearing counsel for the defendant Stirone petitioned for an Order directing Stirone to be present in Court. This was denied. At the hearing no testimony was taken. I do not regard the case as representing a disputed factual issue. The only possible dispute as to the factual situation

arises because of the contention of Mr. Casey as set forth in his Proposed Finding No. 5. In his 4th Finding Mr. Casey sets forth my statement on opening Court wherein I directed Miss Barr to handle the proceedings. His 5th Finding reads "That immediately after said statement made in open court, Judge Joseph P. Willson left the bench and did not appear at any time during the voir dire or the selection of the jury." That statement is not entirely correct. If necessary it can be established as to the time I left the bench. My practice in criminal cases has been, before and since the Stirone trial, to preside on the bench during the voir dire and until the peremptory challenges are made. I am satisfied that that is what I did in the Stirone case. I have a distinct memory of the voir dire examination. Possibly that is so because the selection of the jury went so smoothly. It was an important case in the sense that newspaper men were present and the public was more or less aroused because the defendant is a well known labor leader in the Pittsburgh area. I directed that the 40 jurors be brought to my Court Room, in order that the jury be selected in open court. I do concede, as indicated, that I left the bench during the challenges, and if that is error, so be it.

Mr. Casey for petitioner also alleges error in that Rule 24 of the Federal Rules of Criminal Procedure, 18 United States Code, was violated because Deputy Clerk G. M. Barr was permitted to interrogate jurors on the voir dire. Criminal Rule 24 provides that:

"(a) Examination.

"The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event the court shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper."

Mr. Casey claims that the voir dire examination by the Deputy Clerk is contrary to the Rule. It is conceded that the general practice in this District Court during the past ten years from time to time in criminal cases as well as civil cases, is that juries are selected in the jury room, not in the presence of the Judge. However, as one of the Judges on the Court, it has been my practice in important cases to have the jury selected in my Court Room and in my presence.

Counsel says that the jury was selected in Court Room No. 6. I think that such was the fact and that this fact is in no wise controverted by anyone. It is conceded, of course, and as the record shows, Miss Barr did conduct the voir dire. The fact is, however, that Miss Barr did not independently select the questions put to the jurors on the voir dire. We have adopted Rule 19 of our Local Rules which sets forth seven questions to be asked of each juror on the voir dire. It has applicability in both civil and criminal cases. Those questions were used in this case with an additional question according to my recollection and that is that the government was permitted to inquire as to whether any juror belonged to a labor union. It must be emphasized that Miss Barr only asked questions which had been previously approved by the Judges, by the Rule or by the trial judge. Hers was only the voice of the Court. The maxim "Qui Facit Per Alium Facit Per Se," applies.

What counsel is contending is that per se the record shows lack of due process. I do not agree. We have a situation where an able and experienced counsel does not suggest that defendant was in any wise actually prejudiced. Mr. Casey does not allege or even hint that he was prevented or deprived of making any objection which he sought to make. He does not contend that he desired to put a question on the voir dire which was refused. Indeed, he concedes that he made no such request at any time nor

did he make any objection at any time. Finally, no specific error or prejudice resulting therefrom is alleged or called to our attention except the bare fact that certain alleged irregularities occurred.

As Mr. Krause for the government points out, Mr. Casey filed the Appeal. The case was before the Court of Appeals and the judgment affirmed. United States v. Stirone, 311 F.2d 277 (3 Cir. 1962), cert. denied 372 U.S. 935, 83 S.Ct. 881, 9 L.Ed.2d 766, 1963. The Clerk's record indicates that the Mandate from the Court of Appeals was filed with the Clerk on April 25, 1963, and that the defendant was committed to the custody of the United States Marshal for imprisonment in accordance with the Court's Order of April 25, 1963. These matters were raised for the first time in the motion to vacate filed July 30, 1963.

The records of the Court show that the practice as to the voir dire set forth in Rule 19, both as to the stock questions to be propounded and the person to interrogate the jurors, was suggested to the members of the Court by a committee of the Bar on August 1, 1950. It is rather surprising to note that Mr. Casey was among the committee of the Bar who prepared and drafted Rule 19 as a Rule of the Court, which was adopted by the Court on March 16, 1951, and is still Rule 19 of this Court.

THEREFORE, in accordance with Title 28 United States Code § 2255, the Court makes the following:

## FINDINGS OF FACT

1. Generally it is and has been the practice and custom in the Western District of Pennsylvania to have the empanelling and selection of jurors in the trial of criminal cases and to have the voir dire examination of the jurors conducted by a Deputy Clerk of the Court in a room, not a court room, provided for that purpose and not in the presence of the trial judge.

2. That the files and records of this Court in United States v. Nicholas A. Stirone, Criminal Action No. 14871, disclose and reflect that Vincent M. Casey,

Esq., Attorney for Petitioner, represented the defendant therein at the trial thereof; that he prepared the notice of appeal from the judgment therein to the Third Circuit Court of Appeals and had the record on appeal prepared therein; the Court also takes judicial notice that the appellant's appendix filed in said appeal in the Third Circuit Court of Appeals was prepared, printed, and filed by the said Vincent M. Casey, Esq.

3. That the said Vincent M. Casey, Esq., filed herein the petition to vacate sentence and represented the said Nicholas A. Stirone at the hearing thereon.

4. That the Court takes judicial notice and finds on the statement of Vincent M. Casey, Esq., that he is and has been an attorney at law and a practitioner in the trial of criminal cases before this Court for many years prior to the trial of the case of United States v. Nicholas A. Stirone, Criminal Action No. 14871; that accordingly the said Vincent M. Casey, Esq., is and was fully aware at the time of the said trial of the practice, custom, and method of this Court in empanelling and selecting jurors in criminal cases, which were in effect for several years prior to the trial of this case.

5. That the official court reporter's transcript of the trial of United States v. Nicholas A. Stirone, Criminal Action No. 14871, which is part of the files and records of this Court, discloses and reflects: (1) the trial of this case was opened by and before Joseph P. Willson, United States District Judge, on Monday, October 2, 1961; (2) that counsel for the parties announced ready; (3) that the Court announced that pursuant to custom and routine in the Western District of Pennsylvania, the Deputy Clerk of the Court, Miss Barr, would handle the proceedings in selecting the jury; and if any questions would arise the Court would be available right here; (4) that the jury was empanelled in the presence of the Court, when the Court announced: "All right. Swear the jury." (Trans. p. 6).

6. That the empanelling and selection of the jurors and their voir dire

examination in the trial of United States v. Nicholas A. Stirone, Criminal Action No. 14871, on Monday, October 2, 1961, was not in accordance with the usual routine as set forth in Finding No. 1 but was conducted by Deputy Clerk G. M. Barr in open court and in the presence of the Court.

7. That the trial judge was available at all times during the selection, empanelling, and voir dire examination of the jurors in the aforesaid trial to determine the valdity of any challenges for cause of any of the prospective jurors and to hear and determine any motions on any questions in connection with and relating to the empanelling, selection, the voir dire examination, and the interrogation of jurors by counsel for the parties, the presence of the court reporter during such selection and voir dire examination, any failure by the court reporter to report these proceedings, or any absence at any time of the trial judge during these proceedings.

8. That the said court reporter's transcript does not reflect that the proceedings relating to the selection, and voir dire examination of the jurors was reported by the reporter.

9. That neither the reporter's transcript nor the other files and records of this Court in the case of United States v. Nicholas A. Stirone, Criminal Action No. 14871, discloses or reflects that counsel for the defendant made any oral or written motion at any time to require the presence of the trial judge at all times during the selection, empanelling, and voir dire examination of the jurors, or any objection to any absence of the trial judge, or at any time made any motion oral or written, to require the trial judge to conduct such voir dire examination, or any objection at any time to the Deputy Clerk conducting such proceedings, or at any time any motion, oral or written, to require the court reporter's presence and to require him to report such proceedings, or any objection to any such failures, or at any time any motion, oral or written, to request permission to propound questions to said jurors, or any objection to a denial of such permission.

10. That the files and records of this Court in United States v. Nicholas A. Stirone, Criminal Action No. 14871, do not disclose or reflect that the defendant's motion for a new trial in this case raised any questions or objections concerning any absence of the trial judge during the empanelling, selection, and voir dire examination of the jury by the Deputy Clerk, or concerning the Deputy Clerk conducting these proceedings, or concerning any failure of the trial judge to examine the jury on voir dire, or any refusal of the trial judge to permit counsel to interrogate said jurors or to submit questions to be propounded to said jurors, or concerning any absence of the court reporter or his failure to report any part or all of the proceedings relating to the empanelling, selection, and voir dire examination of said jury, nor do the files and records in this case disclose or reflect the filing of any other motion either to complete, reconstruct, or supplement the record, or any motion at any time raising such questions or matters, or the denial of due process of law in the trial of this case.

11. The Court takes judicial notice and finds that none of the briefs filed by the petitioner herein as appellant in United States v. Nicholas A. Stirone, in the Third Circuit Court of Appeals, 311 F.2d 277, raised in his "Statement of Questions Involved" any of the issues or questions set forth above.

12. The Court takes judicial notice and finds that the opinion of the Third Circuit Court of Appeals, relating to the appeal referred to above in paragraphs 2 and 11, as reported in 311 F.2d 277, makes no mention that any of the above issues or questions were raised or decided on the appeal.

13. That the plaintiff has failed to allege or make any showing in his petition wherein he was prejudiced by any specifically alleged error or errors occurring in the empanelling, selection and voir dire examination of the jurors, any prejudice resulting from their examina-

tion by the Deputy Clerk, or in the failure of the court reporter to report such proceedings.

14. That no legal or factual grounds exist which would have required the production of plaintiff at the hearing herein and for a determination of his petition.

### CONCLUSIONS OF LAW

1. That the voir dire examination of the jurors in the trial on Monday, October 2, 1961, of United States v. Nicholas A. Stirone, Criminal Action No. 14871, by the Deputy Clerk of this Court, by and under the direction of the Court and in the presence of the Court, is and was an examination by the Court pursuant to Rule 24(a) of the Rules of Criminal Procedure.

2. That the failure of the court reporter to report the proceedings relating to the voir dire examination of the jurors in the aforesaid trial is not error per se and such failure does not entitle the plaintiff herein to any relief such as provided by Section 2255, Title 28 United States Code.

3. That since there has been no showing of prejudice resulting from any claim of specifically alleged error, or errors, which might have allegedly occurred in the empanelling, selecting and voir dire examination of the jurors at said trial, or resulting from the failure of the court reporter to report such proceedings, the plaintiff herein is not entitled to any relief such as provided by Section 2255, Title 28 United States Code.

4. That any questions or alleged errors concerning the method of empanelling, selecting and voir dire examination of the jurors by the Deputy Clerk of this Court, or in the voir dire examination, or the failure of the court reporter to report such proceedings could and should have been raised on the appeal heretofore taken from the judgment of conviction resulting from the aforesaid trial, and the same afford no basis for relief under the provisions of Section 2255, Title 28 United States Code.

5. That the production of the plaintiff at the hearing on this petition was not necessary for a determination thereof.

6. That the plaintiff herein was not denied a fair trial in the trial of the aforesaid case.

7. That the plaintiff herein was not denied due process of law under the 5th amendment of the Constitution of the United States either in the method by which the jurors were selected and empanelled, in the manner in which the voir dire examination was conducted, in the failure of the court reporter to report these proceedings, or in the trial of the aforesaid case.

8. That the plaintiff herein is not unjustly and illegally detained and imprisoned under the judgment and commitment of this Court.

9. That plaintiff's petition that the sentence of petitioner be vacated and set aside and that petitioner be discharged from detention and imprisonment be and is denied.