**William Henry JACOBS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 67-1342.**

United States District Court
C. D. California.

Oct. 15, 1968.

William Henry Jacobs, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., James E. Shekoyan, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

ORDER DENYING MOTION TO VACATE AND SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. #2255.

HAUK, District Judge.

Petitioner, William Henry Jacobs, a prisoner at the United States Penitentiary at McNeil Island, is here upon motion to vacate his judgment of conviction after trial, for the theft of mail and the forging and uttering of a United States Treasury check. The motion is brought pursuant to Section 2255 of Title 28,

United States Code.[1] Petitioner appears in propria persona.

Allowed to proceed in *forma pauperis,* Jacobs seeks to be returned to the position of one against whom judgment of conviction has been imposed and who has ten days in which to file a notice of appeal. The motion is based upon the ground that "At no time prior, during, or subsequent to imposition of judgment, did petitioner's court appointed counsel apprise petitioner of his right to appeal." The petitioner alleges that, although he was sentenced to ten years imprisonment on July 10, 1963, by United States District Judge William C. Mathes, he did not become apprised of his right to appeal until two months prior to the filing of this motion on September 13, 1967, more than four years later.

Rule 37(a) (2) of the Federal Rules of Criminal Procedure (as applicable at the date of sentencing) provided in part as follows:

"When a court after trial imposes sentence upon a defendant *not represented by counsel,* the defendant shall be advised of his right to appeal * *." [Emphasis added]

■ The rule has no application to this case because the record clearly discloses that petitioner was represented by counsel at the time of sentencing. Jackson v. United States, 231 F.2d 653 (4th Cir. 1956).

■ Rule 32(a) (2) [2] of the Federal Rules of Criminal Procedure does not apply to petitioner since that rule did not exist at the time of his sentencing.

1. 28 U.S.C. 2255:

"§ 2255. *Federal custody; remedies on motion attacking sentence*

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2. Fed.R.Crim.P. 32(a)(2).

"Rule 32. *Sentence and Judgment.*

(a) *Sentence.*

"(2) *Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant. As amended Feb. 28, 1966, eff. July 1, 1966."

The rule became effective July 1, 1966; petitioner was sentenced on July 10, 1963.

■ Petitioner alleges that had he been apprised of his right to appeal at the time of sentencing, he would have requested his counsel to file a notice of appeal. The veracity of this assertion is clouded by the fact that immediately after a guilty verdict was rendered against the petitioner, he directed his counsel to advise the Court of his desire to be sentenced forthwith. During the colloquy between the Court and the petitioner which followed, the petitioner stated: "I would just like to say for the record that I did commit this crime * * *." [Rep.Tr., January 2, 1968, p. 15, lines 6–7]

Further mitigating against the veracity of the assertion is the fact that petitioner was not a neophyte to criminal activities at the time he was sentenced. [Rep.Tr., January 2, 1968, pp. 5–13] In spite of petitioner's extensive criminal record at the time of sentencing, he maintains it took him more than four years to become aware of his right to appeal. However, at the time of sentencing, petitioner was aware of a right to seek a modification of sentence, which he attempted without success. [Rep.Tr., January 2, 1968, pp. 24–26]

In view of these facts, the record clearly indicates that petitioner's failure to file a timely notice of appeal is solely due to a calculated decision on his part not to appeal. This case is distinguishable from Lyles v. United States, 346 F.2d 789 (5th Cir. 1965), cited by petitioner, in that Lyles was affirmatively misled into missing the opportunity to appeal. Petitioner's Motion and the file and record conclusively show that the petitioner is not entitled to relief.

## ORDER

Now, therefore, it is hereby ordered that petitioner's motion to vacate and set aside sentence pursuant to 28 U.S.C. Section 2255 be, and the same is hereby denied.