**Gareth Richard CHRESFIELD**

v.

**UNITED STATES.**

**Crim. No. 20548.**

United States District Court,
E. D. Pennsylvania.

Sept. 17, 1974.

**302**

Gareth R. Chresfield, pro se.

John R. Sutton, Asst. U.S. Atty., Philadelphia, for defendant.

## OPINION

CLARY, Senior District Judge.

The petitioner has filed a *pro se* " 'Motion For The Entry Of An Appropriate Order Which Will Permit An Out-Of-Time Appeal' and 'Motion For Appointment of Appellate Counsel For Indigent Defendant' " together with an "Amended Petition For Belated Appeal And Appointment Of Appellate Counsel, Or In The Alternative, Petition to Vacate Judgment Or Petition For Coram Nobis."

He was convicted on two counts of violating the Mann Act, 18 U.S.C. §§ 2421, 2422, in Federal District Court for the Eastern District of Pennsylvania in 1961. He served the two, two year sentences, imposed concurrently, between the years 1961 and 1963. He now alleges that he was denied the right to appeal from that conviction. He is presently serving a three year sentence in the Apalachee Correctional Institute, a Florida State prison, for operating a gambling house in violation of Florida State law § 849.01. He seeks vacation of his 1961 sentence and the expunging of the record of conviction.

We have decided to treat this as a petition for a writ of error coram nobis, for which this court has jurisdiction under the All Writs Statute, 28 U.S.C. § 1651(a). United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Under the statute, coram nobis lies to correct errors of a most fundamental character when the petitioner is no longer serving a sentence imposed by a federal district court, and therefore neither habeas corpus nor a motion to vacate sentence under 28 U.S.C. § 2255 is available. United States v. Morgan *supra;* McFadden v. United States, 439 F.2d 285 (8th Cir. 1971); Azzone v. United States, 341 F.2d 417 (8th Cir. 1965) cert. denied, 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706; Kelly v. United States, 299 F.Supp. 1367 (S.D.N.Y. 1969); United States v. Sullivan, 278 F.Supp. 626 (D.C.Hawaii 1968).

The petitioner alleges ineffective assistance of counsel and denial of the right to appeal due to the failure of his retained counsel to file notice of appeal although requested to do so. He alleges no errors at trial which would result in the reversal of his conviction on appeal.

At the 1961 trial in Philadelphia, he was represented by two retained counsel, Francisco A. Rodriguez of Tampa, Florida and Leonidas A. Allen of Philadelphia. Following the trial, Mr. Rodriguez returned to Florida. The petitioner was represented at the sentencing by Mr. Allen. The transcript of the sentencing reveals that the petitioner discussed an appeal with Mr. Rodriguez immediately after the trial. The transcript also reveals that the court informed the petitioner of his right to counsel "at all times." No steps were taken to perfect an appeal by Mr. Rodriguez, Mr. Allen or by the petitioner himself, and the petitioner merely served out his sentence.

At the time of the trial, Fed. Rule Crim.Proc. 37(a)(2) required the sentencing judge to inform an *unrepresented* defendant of his right to appeal. The clerk, upon request, was required to file notice of appeal for the defendant.

In 1966, this provision was transferred to Rule 32(a)(2). It now applies whether or not the defendant is represented by counsel, and it includes a requirement that he be informed of his right to appeal *in forma pauperis.*

However, Rule 32(a)(2) is not retroactive. United States ex rel. Smith v. McMann, 417 F.2d 648 (2d Cir. 1969),

cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970); Felder v. United States, 314 F.Supp. 668 (S.D.N.Y. 1970), aff'd, 429 F.2d 534 (1970), cert. denied, 400 U.S. 908, 91 S.Ct. 152, 27 L. Ed.2d 147 (1970); Jacobs v. United States, 291 F.Supp. 496 (C.D.Cal.1968). Therefore, under the law existing at the time of sentencing, no error was committed by the Court.

■ Nevertheless, the petitioner's constitutional right to counsel on appeal, appointed by the court if he is indigent, does operate retroactively; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Rodriguez v. United States,[1] 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1968); Breen v. Beto, 421 F.2d 945 (5th Cir., 1970).

■■ The question then is whether this case presents the kind of "fundamental error," under all the facts and circumstances, required for relief by way of coram nobis. "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only through circumstances compelling such action to achieve justice." United States v. Morgan, *supra* 346 U.S. at 511, 74 S.Ct. at 252. Deliberate failure to use a known remedy at the proper time may bar subsequent reliance on the defaulted right. United States v. Morgan, *supra,* 346 U.S. at 511, 74 S.Ct. 247.

The facts of this case are almost identical to McFadden v. United States, *supra.* In that case the petitioner, while serving a prison sentence for a second offense, filed a petition alleging ineffective assistance of counsel at his first

conviction, allegedly due to the failure of his *retained* counsel to inform him of his right to appeal *in forma pauperis.* As a result, he failed to effect an appeal. The first conviction was thirteen years earlier, and the sentence had been served.

The district court gave two grounds for denying relief. First, drawing a distinction between section 2255 and coram nobis, it felt that because of the length of time since conviction and release from the sentence "it is necessary to allege grounds for appeal in order to state grounds for relief under this unusual writ." McFadden v. United States, 312 F.Supp. 820 (E.D.Mo.1970). Secondly, the court could find no adverse legal consequences flowing from the first conviction because, although he qualified as a second offender, his second sentence was well within the maximum sentence available for first offenders. *McFadden, supra,* at 822.

On appeal, the Court of Appeals for the Eighth Circuit upheld the lower court, stating:

"We conclude petitioner's claim that he was denied his right to appeal does not present an error of the most fundamental character since his petition does not set forth a single ground calling for the reversal of his 1957 convictions. Petitioner has also failed to show that he is suffering outstanding adverse legal consequences from these convictions. There is substantial doubt that even a successful appeal of McFadden's 1957 convictions would redound to his benefit, since his 1966 sentences were well within the permissible limits of sentencing him as either a first or second offender and any loss of civil rights flowing from

---

[1]. In *Rodriguez,* the petitioner sought relief under section 2255 from a pre-1966 conviction in which he had trial counsel but lacked appellate counsel. Notice of appeal was not filed within the ten-day period. The Supreme Court ordered resentencing to renew the right to appeal. In contrast to Chresfield, however, Rodriguez first attempted to file notice of appeal himself less than two

months after being sentenced, and he thereafter rigorously pressed his post-conviction remedies. Moreover, the trial judge was found to have been put on notice that Rodriguez would lack appellate counsel when the trial counsel attempted orally to move for leave to appeal in *forma pauperis.* Finally, Rodriguez was allegedly of Mexican descent with a limited knowledge of English.

the 1957 convictions now flow with equal force from the 1966 convictions. Finally, McFadden has failed to state sound reasons for not seeking appropriate earlier relief." McFadden v. United States, 439 F.2d 285, 287 (8th Cir. 1971)

The instant case is almost identical with *McFadden*. Here, petitioner seeks to have this court review a 1961 conviction, a thirteen-year-old conviction, at a trial in which he was represented by retained counsel. He presents no grounds calling for reversal of the conviction on appeal. He does not show that he is presently suffering any adverse legal consequences from the conviction. He is serving a three year sentence in a Florida State prison for violation of section 849.01 of Florida State law. The maximum penalty for such a violation as provided in Florida State law section 775.08 is five years imprisonment and a $5,000 fine. A multiple offender could receive a sentence of ten years for such a violation, but the petitioner does not even qualify as a second offender, for Florida law requires that the second conviction to be within five years of the first conviction. See Government Brief page 4, Docket paper # 15.

Since he was sentenced in 1972 to within the maximum penalty provided for first offenders, there is doubt whether even a successful appeal would redound to his benefit. Moreover, any loss of civil rights flowing from the 1961 conviction now flows with equal force from the 1972 conviction.

Two final points stand out. First, the petitioner has failed to state a single sound reason for not seeking appropriate relief earlier as required by United States v. Morgan, *supra*, 346 U.S. at 512, 74 S.Ct 247. At the time of the trial and at the time of sentence, he was not indigent. Secondly, the transcript of the sentencing reveals that the petitioner was intelligent, articulate and, further, that he had discussed an appeal with his counsel. The record leaves no doubt of his knowledge of his right to appeal. The only conclusion the court can draw, knowing the abilities of retained counsel from Tampa, Florida, is that he did not take the appeal simply because there was no ground for appeal. Defendant, on the advice of counsel, did not take the stand. The testimony of the victim who did testify was clear and convincing. The fact that his own allocution at the time of sentencing was effective is demonstrated by the fact that only a two year sentence was actually imposed as against a possible ten year incarceration.

For the foregoing reasons, it is the opinion of this court that the petitioner's claim does not represent an error of the fundamental nature for which the writ of error coram nobis was designed. He does not present the sort of circumstances compelling such action to achieve justice. Accordingly, the motion to vacate the original sentence will be denied. Since in the light of the foregoing it would be a useless gesture to do otherwise, the motion for appointment of appellate counsel will also be denied.

The Clerk of the Court is directed to forward a copy of this opinion with order to the petitioner and one to the Court of Appeals as in the case of habeas corpus matters. There is no probable cause for appeal.

In the interest of justice the Clerk is directed to file in this court a notice of appeal on behalf of the petitioner as an indigent person. The petitioner is directed, should he so desire, to file a petition with the United States Court of Appeals for the Third Circuit in Philadelphia, for the appointment of appellate counsel to appeal the ruling and order in this case.