**Converse Emerson MARSH, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CIV-74-526-D.**

United States District Court, W. D. Oklahoma.

Jan. 21, 1976.

---

Hellmut A. Erwing, Houston, Tex., for petitioner.

William R. Burkett, U. S. Atty., by John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding to vacate the judgment and sentence of this court in case No.

CR–65–95 pursuant to 28 U.S.C. § 2255. In its present posture the petitioner claims that he is entitled to relief on the following grounds:

"(a) Petitioner was denied a direct appeal in Case No. 65–95 styled *United States of America vs. Converse Emerson Marsh, Jr.* because of his poverty at the time the appeal could have been perfected and because he was wholly uninformed of his right to appeal in forma pauperis.

(b) The proceeding and sentence in Case No. 65–95 styled *United States of America vs. Converse Emerson Marsh, Jr.* were defective in that they were in violation of 28 U.S.C. Sec. 753 because none of the proceedings were transcribed and certified.

(c) See grounds alleged in Motion for New Trial in Case No. 65–95 styled *United States of America vs. Converse Emerson Marsh, Jr.*"

These facts are undisputed. In said case No. CR–65–95 after a trial by jury on July 28 and 29, 1965, the petitioner was convicted of robbing the Citizens National Bank of Edmond, Oklahoma, of $39,636.39 using a gun in violation of 18 U.S.C. § 2113(a) and (d). On August 6, 1965, he was sentenced to 22 years imprisonment, which he is presently serving in the United States Penitentiary at Leavenworth, Kansas. The court originally appointed Mr. Fred Gipson as attorney to represent the petitioner but later permitted him to withdraw when Mr. D. C. Thomas was retained by the petitioner. Mr. Thomas represented the petitioner during his trial and in all subsequent proceedings. A Motion for New Trial was filed on August 3, 1965, which was denied prior to sentencing on August 6, 1965. No notice of appeal was ever filed. Mr. Thomas prepared a proper Notice of Appeal for the signature of the petitioner which was not executed by him. On the second page of the Notice of Appeal below the uncompleted certificate of service appears the handwritten notation:

"I do not desire nor wish to proceed with an appeal in this case and hereby do instruct my lawyer to take no further action to appeal this case."

followed by the admitted signature immediately thereunder of the petitioner and dated August 11, 1965. Mr. B. R. Simpson, official court reporter, attended all sessions of the court in said case and duly recorded all proceedings. None of the proceedings have ever been transcribed nor does the record reflect that the reporter filed with the clerk of the court any of his shorthand notes or electronic recording except an electronic recording of proceedings at arraignment on June 25, 1965, and an electronic recording of the proceedings had on July 6, 1965, continuing the case. Mr. Simpson retired from the court on August 31, 1966, and is now deceased. None of his records pertaining to the trial and sentencing of the petitioner are now available for the preparation of a transcript.

■ Assuming that the court did not inform the petitioner of his rights concerning an appeal, there was no duty under the circumstances here presented imposed by the Constitution, statutes or rules for it to do so. *Chresfield v. United States*, 381 F.Supp. 301 (E.D.Pa.1974). At the time of the petitioner's trial the duty of the court was defined by federal rule as follows:

"When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant." Rule 37(a) F.R.Cr.P.

This rule has no application in this case because admittedly the petitioner was represented by his own privately retained counsel. As noted by the Supreme Court in *Coppedge v. United States*, 369 U.S. 438, 443, n. 5, 82 S.Ct. 917, 920, 8 L.Ed.2d 21:

"If neither counsel, whether retained or court appointed, nor the district judge imposing sentence, notifies the defendant of the requirements for filing a prompt notice of appeal, the right of appeal may be irrevocably lost."

■ In 1966 this provision was relocated and revised in Rule 32(a), Federal Rules of Criminal Procedure which imposes a

mandatory duty upon the court to advise the defendant who has been found guilty after trial of his rights to an appeal. This rule, however, is not retroactive. *Chresfield v. United States,* supra; *Jacobs v. United States,* 291 F.Supp. 496 (C.D.Cal. 1968). The court was justified in the assumption that petitioner's privately retained counsel would protect the petitioner's rights on appeal. *Peoples v. United States,* 337 F.2d 91 (CA10 1964), cert. denied, 381 U.S. 916, 85 S.Ct. 1540, 14 L.Ed.2d 436. See also *Jones v. United States,* 247 F.Supp. 759 (W.D.Okla.1965). Here, since petitioner selected his own counsel, the effectiveness of that counsel was his own responsibility and the failure of his retained counsel to file a Notice of Appeal or otherwise to perfect an appeal was not a denial of due process. *Plaskett v. Page,* 439 F.2d 770 (CA10 1971). When a petitioner fails to make suitable arrangements with the attorney of his selection he is not entitled to habeas relief. *Schechter v. Waters,* 199 F.2d 318 (CA10 1952).

■ Unlike the situation in *Hannigan v. United States,* 341 F.2d 587 (CA10 1965) where the accused was represented by court-appointed counsel and the record was unclear whether counsel was discharged at the time of sentencing there can be no doubt that petitioner continued to be represented by his retained counsel subsequent to sentencing. The court recognized there the duty of the court under Rule 37(a)(2) to advise the defendant of his right to appeal *if* his court-appointed counsel was discharged on the imposition of sentence without having advised his client of his right to appeal and having protected him in his right to appeal. No such issue exists here. The petitioner's counsel never withdrew in the case; was never discharged as counsel by the court; and remained as attorney of record throughout the period for an appeal. By petitioner's own account counsel conferred with him twice in the jail concerning an appeal and subsequently corresponded and advised with him concerning an application to reduce sentence. The petitioner's artful attempt to avoid perjuring himself and yet escape the force of the written waiver and abandonment of appeal appearing over his signature by declaring he doesn't remember whether the waiver was on the document when he affixed his signature is insufficient either to impose a duty upon the court to conduct an evidentiary hearing or to entitle him to relief. Consistent with an election to waive an appeal is petitioner's decision while in the Oklahoma County Jail to acknowledge guilt and that he must pay his debt to society and to seek a reduction of sentence from the trial judge in his letter dated August 10, 1965, and to be transported to Kansas State Penitentiary on August 14th rather than waiting the three weeks granted him by the court at the time of sentencing. Inconsistent with his statement that he instructed his attorney to file notice of appeal, even though he knew it could not be perfected, is the failure to execute and date the notice prepared by counsel. Moreover, why would petitioner direct his attorney to perform what he says he knew to be a vain act. However, even if petitioner's allegations were believable he nevertheless would not be entitled to relief. In *McKee v. Page,* 435 F.2d 689 (CA10 1970) retained counsel told McKee that he would appeal and adequate notice was filed. Immediately after sentencing McKee was transferred to the Oklahoma State Penitentiary and thereafter his contact with his attorney was through his father. Although in an application for an extension of time to file an appeal it was stated that McKee was without funds to employ counsel, he did not request the appointment of counsel. It appeared that at the time of the habeas application it was impossible to determine the reason why an appeal was not perfected or even if it was abandoned with the consent of McKee. In denying relief on these facts the court ruled:

> "When an accused is represented throughout a trial and in subsequent proceedings by retained counsel the failure to perfect an appeal within the statutory time is not grounds for discharge on habeas corpus." 435 F.2d at 691.

See also *Buchanan v. State of Oklahoma,* 370 F.2d 199 (CA10 1968).

The petitioner concedes that the court reporter was present and did in fact record all proceedings. The narrow question presented then by his second proposition is what is the present effect, if any, upon petitioner's conviction of the reporter's failure to certify and file his shorthand notes or other original records with the clerk of the court and to transcribe any of the proceedings. The duty of the court or the court reporter with respect thereto is strictly statutory in origin. There is no constitutional duty to provide a court reporter to make a verbatim record of proceedings in criminal cases. *Vickers v. United States,* 157 F.2d 285 (CA8 1946); *Ricard v. United States,* 148 F.2d 895 (CA5 1945). A trial in which the testimony is not stenographically transcribed does not violate the Constitution. *United States v. Stirone,* 222 F.Supp. 507 (W.D.Pa.1963), affmd. 341 F.2d 253 (CA3 1965), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284.

Prior to 1944 there was no law of the United States creating the position of official court stenographer and none requiring a stenographic report of any case, civil or criminal. See *Miller v. United States,* 317 U.S. 192, 197, 63 S.Ct. 187, 87 L.Ed. 179 (1942). In 1944 Congress adopted the Court Reporters' Act authorizing the appointment of reporters for the district courts and defining their duties. At the time of petitioner's trial, August, 1965, as amended the statute, 28 U.S.C. § 753 provided in pertinent part:

"The reporter shall attach his official certificate to the original shorthand notes or other original records so taken and promptly file them with the clerk who shall preserve them in the public records of the court for not less than 10 years.

. . . He [the court reporter] shall also transcribe and certify all pleas and proceedings in connection with the imposition of sentence in criminal cases and such other parts of the record of proceedings as may be required by rule or order of court."

It appears therefore that the court reporter who presided at petitioner's trial was derelict in not filing with the court clerk his original shorthand notes and in not transcribing the proceedings in connection with the imposition of sentence. See *Poole v. United States,* 102 U.S.App.D.C. 71, 250 F.2d 396 (1957). There was, however, no obligation upon the court reporter to transcribe the trial proceedings and the government had no duty to have transcribed the stenographic notes of the testimony. *United States v. Baker,* 358 F.2d 18 (CA7 1966), cert. denied, 385 U.S. 869, 87 S.Ct. 135, 17 L.Ed.2d 96. Not every failure of the court reporter to comply with the Court Reporters' Act is prejudicial error, per se. *Edwards v. United States,* 374 F.2d 24 (CA10 1967), cert. denied, 389 U.S. 850, 88 S.Ct. 48, 19 L.Ed.2d 120. The mere fact that the notes cannot presently be found does not entitle the petitioner to be summarily discharged. *Eddy v. United States,* 256 F.2d 78 (CA9 1958). Further, the failure to keep complete records of the criminal proceedings is not of itself an error that could be raised in a motion to vacate sentence under § 2255. *United States v. Taylor,* 303 F.2d 165 (CA4 1962).

This is not a case like *Stephens v. United States,* 289 F.2d 308 (CA5 1961), cited by petitioner, where the unavailability of a transcript on direct appeal made it impossible for the appellate court to determine whether or not prejudicial error was committed. The petitioner's reliance upon *United States v. Rosa,* 434 F.2d 964 (CA5 1970) is misplaced for there the 2255 petitioner was granted relief because "a transcript of the proceedings in the trial court was unavailable at the time he was preparing [an] appeal." From all indications here, since concededly all proceedings were properly recorded, reporter's notes could have been transcribed on request of petitioner's retained attorney, but no such request was timely made. The petitioner is not prejudiced in this proceeding by the omission of a transcript of sentencing because the court has accepted as true herein his allegations that the court did not inform him of his appeal rights. The Constitution of the

United States does not require the impossible as to an unavailable transcript. *United States ex rel Hunter v. Follette*, 307 F.Supp. 1023 (S.D.N.Y.1969). The inability to furnish a transcript due to the death of the court reporter long after the time for appeal has expired does not violate the constitutional rights of a person who, at the time of trial, had a lawyer and presumably had his continuing services for purposes of appeal and yet failed to pursue an appeal. *Norvell v. Illinois*, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963).

The petitioner cites no authority to show that the allegations in his third ground are sufficient to entitle him to relief on collateral attack. The attempt to incorporate the claims asserted in the motion for new trial is apparently an effort to give some color of prejudice to his prior propositions. The contentions contained in the motion for new trial are merely bald conclusions. No specific factual allegations are advanced in support of these conclusory averments. Claims which are merely conclusionary and unsupported by allegations of fact or are insufficient in law, assuming they are true, do not require a hearing and may be dismissed summarily. *Hilliard v. United States*, 345 F.2d 252 (CA10 1965); *Martinez v. United States*, 344 F.2d 325 (CA10 1965). In *Aeby v. United States*, 409 F.2d 1 (CA5 1969) the motion to vacate pursuant to § 2255 was dismissed where the petitioner had combined an allegation of the failure to comply with the Court Reporter Act with mere conclusions as to other errors at trial.

Moreover, the matters asserted in the motion for new trial are not matters available on collateral attack. None on their face are of constitutional dimensions but would constitute mere trial errors. § 2255 was never intended to serve the office of an appeal. *Joe v. United States*, 510 F.2d 1038 (CA10 1975). It cannot be used as a substitute for a direct appeal. *Garcia v. United States*, 492 F.2d 395 (CA10 1974). It is well settled that claims relating to the sufficiency of the evidence to convict and ordinary trial errors are not subject to

collateral review. *Carrillo v. United States*, 332 F.2d 202 (CA10 1964). Here the motion for new trial was fully considered by the trial court prior to sentencing when the proceedings in the case were fresh in the minds of all concerned. It was deemed to be without merit and overruled. All matters asserted therein could properly have been the subject of a direct appeal. § 2255 is not available to test the legality of matters which should have been raised on appeal from the judgment. *Porth v. Templar*, 453 F.2d 330 (CA10 1971).

As evidenced by the foregoing analysis there are no material issues of fact which require an evidentiary hearing and accordingly for the reasons stated the Motion pursuant to Section 2255 of Title 28, United States Code to vacate the judgment and sentence of this court in said case No. CR–65–95 will be denied.

IT IS SO ORDERED.