**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold LYONS, Defendant-Appellant.**
**No. 389, Docket 24857.**

United States Court of Appeals
Second Circuit.

Argued June 9, 1958.

Decided July 21, 1958.

Donald H. Shaw, Asst. U. S. Atty., S.D.N.Y., New York City (Paul W. Williams, U. S. Atty., and John C. Lankenau, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Harold Lyons, pro se.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and RYAN, District Judge.

PER CURIAM.

Defendant, Harold Lyons, was convicted on July 14, 1955, on two counts of selling heroin and was given a ten-year term of imprisonment as a third narcotics offender. No direct appeal was taken from this conviction. But the next year he made his first collateral attack by motion under 28 U.S.C. § 2255, objecting to his sentence; the district court denied his motion and we dismissed his appeal on May 11, 1956. Thereafter he filed his present motion alleging inadequate representation by counsel (a point now abandoned), entrapment, and a denial of the right to confront witnesses against him. The defense of entrapment was urged throughout and thoroughly tried as presented by competent counsel, and the jury found against the defendant after instructions on the law regarding it. The defense of denial of the right of confrontation arises from defendant's motion made at the commencement of trial to require the Government to call as a witness one Bartow, a Government informer in the case, or, in the alternative, for an adjournment so that the defense might call him. The Government objected, asserting that trial was being had more than a month after defense counsel's appearance, that Bartow's identity and arrest were known, that no excuse for failure to call him earlier existed except an assumption that the Government would call him as a witness, and that it would take at least a week and a half to arrange to bring him on from his place of present incarceration in Lexington, Kentucky. The trial judge in the exercise of discretion denied the motion, ruling that Bartow had been accessible to the defense and that an attempt should have been made to secure his appearance prior to trial.

The present collateral attack upon the conviction came on to be heard by Judge Cashin, who wrote a reasoned opinion holding that the defenses did not survive for such an attack. Except for a minor error as to a detail—he stated that the motion for Bartow's production was made at the close of the Government's case, instead of at the beginning of the trial—he has given a fair and appropriate statement of the facts and law. We accept his opinion and affirm upon it.