**UNITED STATES of America,
Appellee,**

v.

**Alpheus HOLIDAY, Petitioner-Appellant.**

**No. 386, Docket 28195.**

United States Court of Appeals
Second Circuit.

Submitted June 12, 1963.

Decided June 28, 1963.

Alpheus Holiday, appellant, pro se.

Howard L. Jacobs, Asst. U. S. Atty., for Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, and Andrew T. McEvoy, Jr., Asst. U. S. Atty., for Southern Dist. of New York, New York City, on the brief), for appellee.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal from the denial without a hearing of appellant's motion under 28 U.S.C. § 2255 to set aside his conviction. On December 7, 1961, appellant was found guilty of violations of the narcotics law, 21 U.S.C. §§ 173, 174, after a trial

to the court without a jury. His conviction was affirmed on appeal, United States v. Holiday, 300 F.2d 441 (2d Cir.), cert. denied, 371 U.S. 834, 83 S.Ct. 57, 9 L.Ed 2d 70 (1962). Appellant seeks to set aside his conviction on the grounds of alleged (1) denial of compulsory process; (2) denial of confrontation of a special employee who did not testify at trial; (3) ineffectiveness of counsel at trial; (4) denial of due process resulting from a delay in his arrest. We find these contentions to be without merit and affirm.

■ (1) Appellant's claim that he was denied compulsory process arises out of the trial court's denial of his substituted counsel's motion on the day of trial for an adjournment in order to locate two witnesses for the defense whose names he knew but whose whereabouts were not known to him. Appellant was indicted almost two months prior to the date of trial, and had retained counsel during that period. No effort was made to subpoena the missing witnesses. The granting of a one-day continuance under these circumstances was within the court's discretion. United States v. Lyons, 256 F. 2d 749 (2d Cir.), cert. denied, 358 U.S. 911, 79 S.Ct. 240, 3 L.Ed.2d 232 (1958).

■ (2) Although the Government may be under a duty to disclose an informer's name under some circumstances, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), it is under no obligation to put a special employee on the stand. Dear Check Quong v. United States, 82 U.S.App.D.C. 8, 160 F.2d 251 (1947); Eberhart v. United States, 262 F.2d 421 (9th Cir., 1958); Washington v. United States, 275 F.2d 687 (5th Cir., 1960).

■ (3) With respect to the effectiveness of counsel, appellant makes no allegations in his petition sufficient to support his claim. The district judge who ruled on the present motion was also the trial judge and, therefore, no hearing was necessary.

■ (4) Appellant's argument that he was denied due process because he was not arrested after the first sale of nar-cotics on August 24, 1961, but was arrested fourteen days after the second sale on October 10, 1961, is specious. "Delay by law enforcement officers in arresting a suspect does not ordinarily affect the legality of the arrest." Carlo v. United States, 286 F.2d 841, 846 (2d Cir.), cert. denied, 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961); Dailey v. United States, 261 F.2d 870 (5th Cir., 1958), cert. denied, 359 U.S. 969, 79 S.Ct. 881, 3 L.Ed.2d 836 (1959).

This case clearly falls within the category of cases wherein under 28 U.S.C. § 2255 no hearing was required.

Affirmed.