UNITED STATES of America, Appellee,

v.

Michael JULIA, a/k/a Michael Constanti, Appellant.

No. 506, Docket 29381.

United States Court of Appeals Second Circuit.

Argued June 3, 1965.

Decided July 14, 1965.

Paul K. Rooney, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., on the brief, John S. Martin, Jr., Asst. U. S. Atty., of counsel), for appellee.

James H. Durand, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before MOORE and ANDERSON, Circuit Judges, and WEINFELD, District Judge.*

PER CURIAM.

After a nonjury trial, Michael Julia was convicted on two counts for selling heroin on two different days in violation of 21 U.S.C.A. §§ 173–174. The sales were made to the same federal narcotics agent. Julia's defense as to the first sale was that it had been made by a friend and that he had merely been standing nearby; as to the second sale, he claimed entrapment through the persuasion and pressure of the Government agent and a "special employee." Julia sought by bill of particulars and at the opening of the trial to have the court order the Government to disclose the special employee's name and whereabouts. However, later in the trial he failed to follow up the court's apparent readiness to do so. He also sought a continuance so that the special employee and another witness could be located. Julia argues that reversible error was committed when the trial court failed both to order the Government to disclose the name of a special employee involved in the case and to grant a continuance.

Because testimony from the best source, the defendant himself, indicates that the claim of entrapment is totally lacking in substance, we need not decide whether Julia's awareness of a name of the special employee and his identity— they had met four or five times—would bring this case within the ambit of our decisions finding no error in nondisclosure for that reason. See United States v. Rosario, 327 F.2d 561, 563–564 (2d Cir. 1964); United States v. Glaze, 313 F.2d 757, 760–761 (2d Cir. 1963); United States v. Romano, 278 F.2d 202, 204–205 (2d Cir. 1960); United States v. Gernie, 252 F.2d 664, 669 (2d Cir.), cert. denied, 356 U.S. 968, 78 S.Ct. 1006, 2 L.Ed.2d 1073 (1958). And, just as the meager claim of entrapment does not make prejudicial error out of nondisclosure, so also does it fail to make denial of a continuance an abuse of discretion, compare United States v. White, 324 F.2d 814 (2d Cir. 1963), even less reversible error, although in a simple nonjury case like this a continuance would not seem too inconvenient.

Finding sufficient grounds for sustaining the conviction on one count, we do not need to consider the errors claimed as to the first sale, concurrent sentences having been imposed.

Affirmed.

---

* Of the Southern District, sitting by designation.