**UNITED STATES of America,**
Appellee,

v.

**Sandiford JOSEPH, Appellant.**

**No. 209, Docket 29922.**

United States Court of Appeals
Second Circuit.

Argued Jan. 6, 1966.

Decided Jan. 24, 1966.

484

Andrew M. Lawler, Jr., Asst. U. S. Atty. for Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and John E. Sprizzo, Asst. U. S. Atty., on the brief), for appellee.

Ivan Serchuk, New York City, for appellant.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Sandiford Joseph, sentenced to imprisonment for concurrent five year terms on conviction in the United States District Court for the Southern District of New York after trial to the Court, Frederick van Pelt Bryan, District Judge, jury waived, on two counts of violation of 21 U.S.C. §§ 173, 174 by receiving, selling, etc. illegally imported heroin, knowing the same to have been illegally imported, appeals. We find no error and affirm the conviction.

Joseph was introduced to narcotics agent Robinson by a special employee, one Mitchell. Joseph offered to sell Robinson heroin, and on two occasions, February 17 and February 26, 1965, did so. Joseph testified that he was given the packages to deliver by one Gonzalez, that Gonzalez was present at each delivery, and that Joseph did not know there was heroin in the packages. Mitchell and the agents testified that Gonzalez was not present at the deliveries. Five days after the finding of guilt and when the case came on for sentence, request was made that Gonzalez be produced. The court continued the case for two weeks to give Joseph an opportunity to find Gonzalez. Gonzalez was not located. Joseph had known Gonzalez for several years prior to the trial.

It is apparently the claim of appellant that he is entitled to a new trial because the Government did not disclose during trial that Gonzalez had in some other instance or instances acted as a special employee, and that somehow he might have been a valuable witness for Joseph on a claim of entrapment. We fail to find in the rulings here any ground for new trial. The testimony showed that the first proposal to deal in narcotics was made by Joseph to the agent, rather than vice versa, no pressure to bring about the deal was applied, and the defense on trial was wholly inconsistent with a claim of entrapment to commit crime. Moreover, Gonzalez was known to Joseph, indeed apparently a fairly close acquaintance, and no connection with the Government in this transaction appears. Indeed, the court would be entirely justified in disbelieving the claim that he had anything whatever to do with the transaction. We cannot say that the court was required to do more than grant the two week continuance, if indeed even

that was required on the facts here. Cf. United States v. White, 324 F.2d 814, 816 (2 Cir. 1963); United States v. Holiday, 319 F.2d 775 (2 Cir. 1963).

The judgment is affirmed.