**Alphonse V. CASTALDI, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18401.**

United States Court of Appeals
Eighth Circuit.

Nov. 9, 1966.

Alphonse V. Castaldi, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., filed brief for the United States.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and NICHOL, District Judge.

PER CURIAM.

This is an appeal by Alphonse V. Castaldi, hereinafter called defendant, from order denying his 28 U.S.C.A. § 2255 motion to vacate sentence without according him an evidentiary hearing.

Defendant and Drummond were charged in Count One of an indictment with counterfeiting a federal reserve note and in Count Three with conspiracy together and with J. P. Long, Jr., to commit such counterfeiting offense. Drummond alone was charged in Count Two with making a plate in the likeness of the note. Defendant and Drummond were jointly tried to a jury. Drummond was convicted on all three counts. Castaldi was convicted on the conspiracy count alone and was sentenced to five years imprisonment. The convictions were affirmed upon appeal. Drummond v. United States, 8 Cir., 350 F.2d 983. The pertinent facts are set out in such opinion and we will not repeat them here.

Defendant in his present motion asserts that subsequent to the trial several of the jurors were asked by the assistant United States Attorney why they found Castaldi guilty only upon the conspiracy count, to which they replied in substance: "We were going to find Castaldi not guilty of conspiracy also, but because of his association with Drummond and Long we felt he may have had some knowledge of the crime." 251 F.Supp. 681, 682.

The basic errors asserted and relied upon by defendant upon his appeal are thus summarized in his brief: "I was deprived of a fair and impartial trial because of the denial of my Motion for a separate trial and because the jury convicted me on the basis of an improper standard, finding me guilty of 'association' instead of conspiracy in which I was charged with."

Defendant requested that the twelve members of the jury who heard his case be required to appear and testify as to the true facts and that upon the basis of such testimony, the judgment of conviction be vacated.

Judge Meredith, in an opinion reported at 251 F.Supp. 681, held that public policy and proper judicial administration require that under the facts here presented that jurors not be called to testify for the purpose of attempting to impeach their verdict on the basis of matters which inhere in the verdict itself and that the motion presented only questions of law and that no evidentiary hearing was required.

We have carefully examined Judge Meredith's reported opinion. Such opinion is based upon sound reasoning and is supported by very respectable cited precedents. No purpose will be served in retreading the ground so well covered by Judge Meredith in his opinion. We adopt such opinion as our opinion.

The order dismissing the motion to vacate judgment is affirmed.