James Corbett **CHURDER**, Petitioner

v.

**UNITED STATES of America,**
**Respondent.**

No. 69 C 407(1).

United States District Court
E. D. Missouri, E. D.

Dec. 16, 1969.

James Corbett Churder, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for defendant.

**1160**

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Petitioner, presently confined in the federal penitentiary at Leavenworth, Kansas, has filed a motion pursuant to 28 U.S.C.A. § 2255 and seeks leave to proceed in forma pauperis. Leave to proceed in forma pauperis is granted.

In January, 1967, petitioner was sentenced to a term of eight years upon a jury verdict of guilty on an indictment charging a violation of 18 U.S.C.A. § 641. His conviction was affirmed by the Eighth Circuit, Churder v. United States, 387 F.2d 825 (8 Cir. 1968). Petitioner sought post-conviction relief under 28 U.S.C.A. § 2255 in this court and the same was overruled without an evidentiary hearing, Churder v. United States, 294 F.Supp. 207 (E.D.Mo.1968). Petitioner appealed the order overruling his 2255 motion, and the Eighth Circuit affirmed, Churder v. United States, 417 F.2d 633 (8 Cir.1969).

In support of his motion under § 2255, petitioner asserts that his arrest and the search and seizure incident thereto were illegal because postal inspectors had no power to arrest at the time he was arrested.

The facts in this case are fully reported in 387 F.2d 825, and will not be repeated here, except to note the pertinent facts of the arrest. Petitioner was arrested by postal inspectors on Sunday, November 20, 1966. Inspector Thorn followed Churder's car in a helicopter. At Thorn's direction, other postal inspectors drove up and arrested Churder as he emerged from his automobile. The inspectors searched Churder and the trunk of his car, seizing stolen articles (the subject of the indictment) from the trunk. The inspectors had no arrest warrant and no search warrant.

■■ Section 2255 does not grant an absolute right to an evidentiary hearing on a motion. See Taylor v. United States, 282 F.2d 16, 20 (8th Cir.1960); United States v. Hill, 319 F.2d 653 (6th Cir.1963); Sanders v. United States,

373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962). Clearly, no hearing is required where the motion raises a question of law only. Castaldi v. United States, 251 F.Supp. 681 (E.D.Mo.1966), aff'd 368 F.2d 185 (8th Cir.1966); Machibroda v. United States, supra. The same is true where, as here, there is no dispute as to the facts. The record reflects clearly the arrest of petitioner by postal inspectors. The issue petitioner has raised is a legal one, and an evidentiary hearing is, therefore, unnecessary.

The legality of petitioner's arrest and the search incident to that arrest has been examined by this court in petitioner's motion to suppress, by the Eighth Circuit on appeal from the conviction, and it was called to the attention of the Eighth Circuit on appeal from the order overruling the first § 2255 motion by this court. In each instance the arrest was found to be lawful and the resultant search and seizure lawful as incident to the lawful arrest.

In challenging the authority of the postal inspectors to arrest, petitioner relies on the case of Alexander v. United States, 390 F.2d 101 (5th Cir.1968) and the enactment of 18 U.S.C.A. § 3061. Petitioner made the same claims, relying on the same case and the same statute, in his appeal to the Eighth Circuit from the order overruling his first motion under § 2255. On page 9 of his brief to the Eighth Circuit, he said: "It would also seem that the recent enactment of a law giving postal inspectors authority to arrest, which the *Moderacki* and *Alexander* cases helped to effectuate, should cause the court to review petitioner's motion in the light of such cases and such enactment." And again on page 12: "Petitioner contends that grounds A and B of his motion are substantial because the bases for those grounds is predicated on the fact that the postal inspectors had no power to make arrests * * *. Further, at the time of the arrest, postal agents did not have the power to arrest * * *."

In response to petitioner's claims, the Court of Appeals affirmed, 417 F.2d 633, stating: "Careful scrutiny of that opinion, of appellant's motion, of the complete record in this case and of the applicable law has convinced us of the correctness of the District Court's opinion." (417 F.2d at page 633.) Petitioner's arrest has been examined and found to be lawful. Petitioner has not raised a substantial issue as to the basic fairness of the original trial.

The court finds that the petitioner is not entitled to the relief sought. Therefore, it is ordered that the petitioner's motion be and it is hereby overruled, and the clerk will enter the proper order to that effect.