**Edward FELDER, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 69 Civil 1912.**

United States District Court, S. D. New York.

Feb. 24, 1970.

Harry C. Batchelder, Jr., New York City, for petitioner.

Whitney North Seymour, Jr., U. S. Atty., Southern District of New York, for United States of America; John W. Nields, Jr., Asst. U. S. Atty., of counsel.

OPINION, FINDINGS OF FACT and CONCLUSIONS OF LAW

LEVET, District Judge.

Petitioner, Edward Felder, Jr., moves pursuant to 28 U.S.C. § 2255 for an order vacating the sentence imposed on him May 25, 1965. He contends (1) that he was deprived of his right to appeal in that he was not informed either

by the court or by his assigned counsel that he could appeal and that any appeal could be brought without expense to himself; and (2) that evidence introduced at trial resulted from an illegal search and seizure and entrapment.

After studying the memoranda and arguments of the parties and conducting a hearing February 9, 1970, at which time petitioner and his former attorney testified, the court makes the following Findings of Fact and Conclusions of Law:

## KNOWLEDGE OF THE RIGHT TO APPEAL WITHOUT EXPENSE

1. On April 5, 1965, an indictment was filed in this court charging petitioner with two counts in violation of 21 U.S.C. §§ 173 and 174 (sale of heroin hydrochloride on two occasions). The case was tried before me on April 27, 1965. Petitioner was represented by Bernard Moldow, Esq., who was then attorney in charge of the Legal Aid Society in the United States District Court for the Southern District of New York.

2. After a waiver of jury trial was duly executed by petitioner and submitted by his attorney, the case was tried before me without a jury. No request for findings was made; petitioner was found guilty after trial on both counts.

3. On May 25, 1965, petitioner appeared for sentence, still represented by the same attorney, who asked the court to sentence petitioner under the youth offender statute, 18 U.S.C. § 5010(b). Counsel stated that he had explained to petitioner that under § 5010(b), Felder would be subject to an indeterminate sentence; and that petitioner's release date would be determined largely by his own adjustment. Felder said that he understood there would be a possible six-year maximum sentence but that, on the other hand, he might be discharged earlier. Counsel stated that it was pe-titioner's "own personal application." The court also asked Felder if he understood the method of sentencing as a youthful offender and petitioner answered "Yes," and asked the court to sentence him as a youth offender. Felder was then sentenced under 18 U.S.C. § 5010(b). He also said to the court: "I will appreciate it if you recommend KY [that is, Kentucky] for treatment." The court agreed. Petitioner stated that he had been an addict for three years.

4. At the sentencing the court did not mention the issue of appeal to petitioner.

5. The present proceeding was commenced on or about June 12, 1969, and the court asked Harry C. Batchelder, Jr., Esq., to represent petitioner without fee. Bernard Moldow, the former attorney for petitioner, now a Judge in the Criminal Court of the City of New York, testified (1) that he discussed with Felder the question of sentence before it was imposed; (2) that prior to sentencing he informed the petitioner of his right to appeal (the attorney also noted that "I was with Legal Aid for 22 years and I never lost a case where I did not tell the defendant he had a right to appeal");[1] (3) that he advised petitioner that petitioner could take an appeal without expense; and (4) that Felder told him that he did not want to appeal.

Although petitioner testified that he was not notified by his attorney of any right to appeal, and that he first learned of his right to appeal "about nine or ten months ago," I believe the testimony of his former attorney, as set forth above.

6. Petitioner understood prior to the expiration of his time to appeal that he could appeal and that any appeal could be taken without cost to himself.

7. Under the circumstances, I find that petitioner waived his right to appeal.

---

1. Mr. Moldow was called as a witness at the hearing by petitioner.

Rule 32(a) (2) of the Federal Rules of Criminal Procedure became effective July 1, 1966. It reads in pertinent part as follows:

"(2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. * * * "

Although the petitioner was tried on April 27, 1965, the Second Circuit recently stated in an en banc decision that "while the new [Rule 32(a) (2) applies] prospectively, the lack of such [rule] in the past does not purge an unconstitutional act of its taint." United States ex rel. Smith v. McMann, 417 F.2d 648, 655 (2nd Cir. 1969), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970).

In light of Smith and Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), the court conducted a hearing on the issue of whether Edward Felder, Jr., was informed by his trial counsel prior to the expiration of his time to appeal that he (Felder) could appeal and that any appeal could be brought without expense to himself (see Findings of Fact, supra).

## OTHER CONTENTIONS

Petitioner appears to raise other contentions to the effect that he was the victim of entrapment and that evidence introduced at trial resulted from an illegal search and seizure.

■ The issue of entrapment was raised at trial by the defendant (trial transcript, April 27, 1965, 4–5), and on the basis of the evidence adduced and the court's assessment of the credibility of the witnesses, petitioner was found guilty on both counts.[2]

The issue of entrapment was raised by petitioner on a prior Section 2255 motion at which time Judge Wyatt of this court in an unreported opinion dated March 13, 1969 held that entrapment was a matter which could only be raised by appeal.

The recent case of Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) has established the right of a petitioner to raise *constitutional* issues (such as illegal search and seizure) on a motion pursuant to Section 2255, contrary to the prior view of most circuits that such issues could not be raised on collateral attack. However, since the entrapment question is one of fact and credibility which presents no constitutional claim, there is no basis presented by petitioner to counter the principle that an issue such as entrapment must be raised on an appeal. United States v. Lyons, 256 F.2d 749 (2nd Cir.), cert. denied 358 U.S. 911, 79 S.Ct. 240, 3 L.Ed.2d 232 (1958). Inasmuch as the court has found that petitioner waived his right to appeal, it is not appropriate to raise the issue of entrapment collaterally.

■ On the question of an illegal search and seizure, petitioner notes that "he was only acting as Montgomery's agent and under Montgomery's instruction," and asserts that criminal responsibility should not be imputed to him "until the question of Montgomery's character and his possible addiction at the time of the events in question is explored more fully at a hearing * * * " (petitioner's brief, p. 13). While the "search and seizure" claim has been presented without clarity, it appears to be

2. The informant, Abraham Montgomery, was called by the Government as a witness at trial. He was subjected to cross-examination, part of which explored the issue of possible use of narcotic drugs by the informant (131–132). It should be noted that Montgomery was equally available as a witness to both sides. Mr. Moldow testified at the hearing of this matter that he interviewed Montgomery and after consultation with petitioner it was decided not to call Montgomery because his testimony "would only hurt the defense" (hearing transcript, February 9, 1970, 16).

nothing more than an additional attack on the credibility of the informer relating to the question of entrapment. This issue has been dealt with above.

In any event, there is no specific factual contention by petitioner relating to any search or seizure which would entitle him to any relief.

## CONCLUSIONS OF LAW

1. Petitioner was informed by his trial counsel prior to the expiration of his time to appeal that he could appeal and that any appeal could be brought without expense to himself.

2. Petitioner waived his right to appeal.

3. Petitioner's other contentions are wholly without substance.

The petition is denied in all respects.

I am not convinced that a Certificate of Reasonable Doubt should be entered and I decline to so certify.

The Clerk of the Court is hereby directed to send a copy of this opinion to petitioner.

The court expresses its thanks to Harry C. Batchelder, Jr., Esq. for his representation of petitioner in this matter.

So ordered.