**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ava PITTMAN and Paula Wynn, also known as Paula M. Lynn, Defendants-Appellants.**

**No. 71–1367.**

United States Court of Appeals,
Ninth Circuit.

Oct. 7, 1971.

---

George E. Graziadei (argued), Las Vegas, Nev., for defendants-appellants.

William P. Cashill, Asst. U. S. Atty. (argued), Bart M. Schouweiler, U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before MERRILL, ELY and KILKENNY, Circuit Judges.

PER CURIAM:

Convicted of violating 26 U.S.C. § 4705(a) (sale of narcotics without an order form) and 18 U.S.C. § 371 (conspiracy), Pittman and Wynn appeal. We reverse and remand for a new trial because the privacy of the jury room was improperly invaded by an agent of the prosecution.

After the jury in this case had retired to deliberate, it notified the trial judge that it wished to listen again to a tape recording that had been played during the course of the trial. Since the tape could be erased by inept use of the recorder, the court, seeking to prevent a loss of evidence, directed the Government agent who had played the tape during trial to accompany the court clerk into the jury room to play the tape there for the jury. The government agent had been prominently aligned with the Government's case during the trial. He had testified at length as a material witness about surveillance and chain of custody of the physical evidence, and he had been permitted to sit at the prosecutor's table throughout the trial.

The trial court's directions were given without the knowledge or consent of appellants or their counsel. Appellants learned what had occurred only after the jury returned its verdict. They then moved for a judgment of acquittal notwithstanding the verdict, or in the alternative, for a new trial. The court conducted a hearing to determine whether appellants had been prejudiced by the Government agent's presence in the jury room. Following the hearing, the court conceded in a memorandum decision that the proper course of action would have been to call the jury back into the courtroom and to replay the tape in open court in the presence of appellants and counsel, and that permitting a Government agent to invade the sanctity of the jury room was plain error. However, the court denied appellants' motion on the ground that "there is not one scintilla of evidence from which prejudice can be found or inferred."

In our view the District Court erred.

As the trial court recognized, access to the jury during its deliberative process

by any adversary simply cannot be tolerated. *Cf.* Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965). To suggest to the jury that some adversaries can safely be excepted from the general rule and trusted to assist the jury privately in meeting the needs of its deliberations, is to present such adversaries in a trustworthy, friend-of-the-jury capacity wholly at odds with the adversary posture in which they should be regarded by the jury if the credibility of their factual assertions is to be decided fairly.

The impact upon the jury of such subtle suggestion cannot be accurately measured or even ascertained. It might be that any harm could be cured by a stern admonition from the trial judge. But in our view the potential for prejudice inherent in any adversary's intrusion into the jury room and the uncertainties in ascertaining the extent of such prejudice require the extreme measure of a new trial in cases where the invasion was at the direction of the court and not inadvertent.

Since this case must be remanded for a new trial, we note that we find no merit in appellants' contention that the Government's failure to ensure the presence of its informer at trial denied them due process of law. While appellants knew the informer's identity, they made no demand at trial for his production. The informant did not participate in any transaction resulting in a substantive count of the indictment. Moreover, appellants concede that the Government did not deliberately deny them access to the informant or withhold information as to his whereabouts. Under these circumstances, the Government was not required to ensure the informant's appearance. *Cf.* United States v. Prieto-Olivas, 419 F.2d 149, 151 (5th Cir. 1969); United States v. Joseph, 355 F.2d 483 (2d Cir. 1966).

Reversed and remanded for a new trial.