**Porter D. WHITE, Appellant,**

v.

**Merle SCHNECKLOTH, Warden-Supt., and E. K. Stevens, Camp Commander, Appellees.**

**No. 24052.**

United States Court of Appeals, Ninth Circuit.

Nov. 22, 1971.

Porter D. White, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., Derald E. Granberg, Charles R. B. Kirk,

Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL, KOELSCH and HUFSTEDLER, Circuit Judges.

KOELSCH, Circuit Judge:

Porter D. White, a California prisoner, appeals from a judgment of the district court denying him a writ of habeas corpus.

One of the issues, indeed the only issue which was fairly debatable, concerned the correctness of the district court's decision that the Fourth Amendment did not taint evidence, adduced by the state at the criminal trial, consisting of tape recordings which a police informer surreptitiously made of conversation between herself and appellant.[1]

We were fully aware that the Supreme Court in Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963), a case factually "on all fours" with the one before us, had held evidence so secured was not illegally seized and was properly admitted. If Lopez remained viable then, of course, our plain duty was to summarily resolve the issue against appellant. However, we deferred submission. Lopez had

been decided by a sharply divided Court and it was not altogether clear whether the majority of the justices had not rested decision, at least in part, on the absence of an unlawful physical invasion of a constitutionally protected area, a ground subsequently rendered untenable by Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).[2] And at the time the instant appeal was argued likelihood existed that the Court would examine and redefine its holdings concerning the Fourth Amendment's reach with respect to evidence gathered by electronic devices, for it had recently granted certiorari to review the Seventh Circuit's decision in United States v. White, 405 F.2d 838 (7th Cir. 1969). That decision dealt primarily with the propriety of monitoring of private conversations by the use of a transmitter concealed on the person of one of the parties to a conversation, but it also concerned the use of a tape recorder similarly concealed.

The Supreme Court has now decided *White*. 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). There was no majority opinion; however, it is clear that five of the justices continued to subscribe to the validity of the holding in *Lopez*, even though they did dis-

---

1. Appellant's additional points may be shortly answered:

    (a) the record does not contain any proof that a juror was biased or of a conspiracy between appellant's appointed counsel and the prosecutor to permit such a juror to sit;

    (b) the district court's determination that appointed counsel was competent and afforded appellant effective assistance has evidentiary support, as are its further determinations that counsel was not denied adequate opportunity to prepare a defense and that appellant, by his own action, was precluded from complaining that counsel was not of his own choosing;

    (c) the mere fact that the prosecutor and defendant's counsel entered the jury room together in order to assist in the replaying of a tape recording does not mandate a determination that appellant's Sixth Amendment right to trial by an impartial jury was infringed. True, we

have recently held in plain error and reversed a conviction where a court allowed a material witness for the prosecution to enter the jury room, unbeknownst to the defendant or his counsel, for that purpose [United States v. Pittman, 449 F.2d 1284, 9 Cir., 1971]; but, as indicated above, those facts are not present here;

    (d) the claim that the Clerk of the District Court withheld exhibits from the judge is simply untrue;

    (e) the remaining points, several of which were not even raised in the court below, are utterly frivolous.

2. Obviously appellant was not disadvantaged by a delay so long as *Lopez* remained the law. And, even if *Katz* in effect overruled *Lopez*, appellant gained nothing for he was convicted in 1966 and the decision in *Katz*, which was decided in 1967, was not retroactive. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 1048, 22 L.Ed.2d 248 (1969).

approve a substantial part of the reasoning upon which the decision rested. Accordingly, we reject appellant's contention.

The judgment is affirmed.